IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | Criminal Action No. 2:16-CR-025-D |
| VS. | § | |
| | § | |
| ROBY DEAN MITCHELL, | § | |
| | § | |
| Defendant. | § | |

MEMORANDUM OPINION
AND ORDER

Defendant Roby Dean Mitchell ("Mitchell"), who is charged in a one-count indictment with the offense of carrying a weapon on an aircraft, in violation of 49 U.S.C. § 46505(a) and (b)(1), moves to dismiss the indictment on the ground of double jeopardy. The court denies the motion.[1]

I

On January 21, 2016, when Mitchell was at the Rick Husband Amarillo International Airport, an officer of the Transportation Security Administration ("TSA") found a concealed weapon in Mitchell's belongings as they were undergoing X-ray inspection.[2] After he was questioned, he was allowed to board his flight and proceed with his travels. The TSA issued

---

[1]Due to the impending trial date, the court is deciding this motion without awaiting a government response.

[2]The court's recitation of the background facts is based on the indictment and Mitchell's motion. The government will be required, of course, to prove at trial that Mitchell is guilty of the offense charged in the indictment.

a citation for Mitchell's violation of TSA regulations, and he later paid $1,500 to satisfy the citation.³  Thereafter, Mitchell was charged in a one-count indictment with the offense of carrying a weapon on an aircraft, in violation of 49 U.S.C. § 46505(a) and (b)(1). Mitchell now moves to dismiss the indictment, contending that the criminal prosecution violates the Double Jeopardy Clause of the Fifth Amendment.

II

A

Mitchell contends that the TSA's civil sanction for violating TSA regulations serves as punishment under the Double Jeopardy Clause and bars a criminal prosecution for the same conduct. He maintains that, in *United States v. Halper*, 490 U.S. 435 (1989), the Supreme Court of the United States "has classified a civil sanction for wrongful conduct as a 'punishment' under the Double Jeopardy Clause when the sanction serve[s] a traditional goal of punishment, that is, deterrence or retribution, instead of the remedial goal of reimbursing the government and society for the costs that result from that wrongful conduct." D. Mot. 2 (citing *Halper*, 490 U.S. at 448-49). Mitchell also posits that the relevant prosecution policy in the United States Attorney's Manual permits a United States Attorney to seek a civil penalty pursuant to 49 U.S.C. § 46303, instead of a criminal prosecution, and that, "[i]n such cases, the matter should be referred to the nearest TSA Regulatory Compliance Field Office responsible for the airport for appropriate civil action." *Id.* at 3

---

³The TSA received the payment on March 21, 2016.

(quoting Dep't of Justice, United States Attorney's Manual § 9-76.110). Mitchell contends that, because the government elected to seek a civil penalty in this case, and he has paid it, the government should not be permitted to "punish [him] twice for the same conduct." *Id.*

B

The Fifth Amendment Double Jeopardy Clause protects against multiple prosecutions and punishments for the same offense. *See, e.g., Monge v. California*, 524 U.S. 721, 727 (1998). The Double Jeopardy Clause proscribes "(1) prosecution of the same offense after acquittal; (2) prosecution of the same offense after conviction; and (3) multiple punishments for the same offense." *United States v. Berry*, 977 F.2d 915, 918 (5th Cir. 1992).

Mitchell's double jeopardy arguments are unpersuasive. To establish that the TSA fine is "punishment" under the Double Jeopardy Clause, he relies heavily on *Halper*. But in *Hudson v. United States*, 522 U.S. 93 (1997), decided after *Halper*, the Supreme Court held that, when the Office of the Comptroller of the Currency imposed monetary penalties and occupational debarment on bank officers who were later prosecuted for misapplying bank funds, "the Double Jeopardy Clause of the Fifth Amendment [was] not a bar to the later criminal prosecution because the administrative proceedings were civil, not criminal." *Id.* at 95-96.[4] The Court stated that the Double Jeopardy Clause "protects only against the imposition of multiple *criminal* punishments for the same offense." *Id.* at 99 (emphasis in original) (citing *Helvering v. Mitchell*, 303 U.S. 391, 399 (1938)). And it explained that

---

[4]Mitchell does not cite *Hudson* in his motion.

"[w]hether a particular punishment is criminal or civil is, at least initially, a matter of statutory construction." *Id.* (citing *Helvering*, 303 U.S. at 399). Critically, the Court "in large part disavow[ed] the method of analysis used in *United States v. Halper*, and reaffirm[ed] the previously established rule exemplified in *United States v. Ward*." *Id.* at 96 (portions of case citations omitted). The Court held that *Halper* deviated from the Court's longstanding double jeopardy doctrine in two key respects:

> First, the *Halper* Court bypassed the threshold question: whether the successive punishment at issue is a "criminal" punishment. Instead, it focused on whether the sanction, regardless of whether it was civil or criminal, was so grossly disproportionate to the harm caused as to constitute "punishment." In so doing, the Court elevated a single *Kennedy* [*v. Mendoza-Martinez*, 372 U.S. 144 (1963)] factor—whether the sanction appeared excessive in relation to its nonpunitive purposes—to dispositive status. But as we emphasized in *Kennedy* itself, no one factor should be considered controlling as they "may often point in differing directions." The second significant departure in *Halper* was the Court's decision to "asses[s] the character of the actual sanctions imposed," rather than, as *Kennedy* demanded, evaluating the "statute on its face" to determine whether it provided for what amounted to a criminal sanction[.]

*Id.* at 101 (some citations omitted). The Court concluded that "*Halper*'s deviation from longstanding double jeopardy principles was ill considered," and that "*Halper*'s test for determining whether a particular sanction is 'punitive,' and thus subject to the strictures of the Double Jeopardy Clause, ha[d] proved unworkable," given that all civil penalties have some deterrent effect. *Id.* at 101-02. Applying traditional principles to the facts in the case, the Court held that it was clear that the criminal prosecution at issue in *Hudson* would not violate the Double Jeopardy Clause. *Id.* at 103.

C

In the present case, the court cannot apply the *Hudson* test because Mitchell does not allege which TSA regulations he was cited for violating. Further, it is unclear why Mitchell cites the United States Attorney's Manual (and, specifically, the section addressing a United States Attorney's civil-penalties settlement authority[5]) and 49 U.S.C. § 46303. He neither avers that a United States Attorney was involved in citing him for violating the TSA

---

[5]Section 9-76.110 states:

> 9-76.110 - Transportation—Aviation Policy—Settlement Authority
>
> United States Attorneys are authorized to effect settlement of the civil penalties provided in 49 U.S.C. § 46301 *et seq.* (formerly 49 U.S.C. § 1471) without the prior approval of the Criminal Division (Fraud Section). In place of the previously required prior approval of the Criminal Division, United States Attorneys are directed to consult with the FAA or its parent organization, the United States Department of Transportation (DOT), as appropriate, regarding settlement proposals. The FAA or DOT may seek Criminal Division review if it believes such review would be helpful to the settlement of the case.
>
> The relatively small amount of money involved in many FAA civil penalty cases must not be a consideration in evaluating the merits of such cases. A civil penalty action is not one to collect a trivial amount owed to the government, but rather it is an important part of the federal enforcement effort to ensure aviation safety.
>
> For additional information on this section, see the Criminal Resource Manual at 2004.

Dep't of Justice, United States Attorney's Manual § 9-76.110.

regulations, nor does he allege that he was assessed a civil penalty pursuant to 49 U.S.C. § 46303(a). Mitchell has therefore failed to demonstrated that he is entitled to dismissal of the indictment on double jeopardy grounds.

*   *   *

For the reasons explained, Mitchell's motion to dismiss the indictment is denied.

**SO ORDERED**.

June 9, 2016.

_____
SIDNEY A. FITZWATER
UNITED STATES DISTRICT JUDGE