IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | Criminal Action No. 2:16-CR-025-D |
| VS. | § | |
| | § | |
| ROBY DEAN MITCHELL, | § | |
| | § | |
| Defendant. | § | |

MEMORANDUM OPINION
AND ORDER

In this memorandum opinion and order, the court addresses motions for discovery filed by defendant Roby Dean Mitchell ("Mitchell") and the government.[1]

I

Mitchell, who is charged in a one-count indictment with the offense of carrying a weapon on an aircraft, in violation of 49 U.S.C. § 46505(a) and (b)(1), moves the court to order the government to produce 14 categories of evidence.[2]  The government has not responded to the motion.

A

*Rule 16 Evidence*

In requests Nos. 1-3, 11, and 12, Mitchell requests that the government be ordered to disclose information or evidence as required by Fed. R. Crim. P. 16(a)(1)(A)-(D).  In request

---

[1]The trial in this case is set for June 27, 2016.

[2]The court has organized some of Mitchell's categories of evidence into subcategories for purposes of this memorandum opinion and order.

No. 1, Mitchell requests that the government be ordered to disclose any oral, written, or recorded statements made by Mitchell within the possession, custody, or control of the government, including any statements made to government agents or law enforcement officers before or after Mitchell's arrest.  Mitchell requests in request No. 2 that the government be ordered to disclose all books, papers, documents, photographs, tangible objects, or copies or portions thereof, within the possession, custody, or control of the government that are material to the preparation of Mitchell's defense, or are intended to be used in the government's case-in-chief, or were obtained from or belong to Mitchell.  This request includes any checks and other securities, computers, programs, software, diskettes, printers, check stock, counterfeit payroll, chemicals, fingerprints, handwriting exemplars, identification, bank statements, and other potential evidence.  Mitchell specifically requests that the government be ordered to disclose any repair logs and operational status of surveillance cameras at the Rick Husband Amarillo International Airport (the "Airport") six months before and after his arrest on January 21, 2016, and any documentation of other instances of surveillance cameras' failure to record footage at the Airport.  In request No. 3, Mitchell requests that the government be ordered to disclose any results or reports of physical or mental examinations and scientific tests or experiments conducted by the government in connection with this case, and any related state investigation of Mitchell, including any fingerprints or handwriting reports, and results compiled by, and who examined, known fingerprints, palm prints, or handwriting exemplars of Mitchell and compared them to questioned specimens.  This request includes any chemical analysis of narcotics and reports

- 2 -

generated from tests, and a request to review the reports of polygraph tests administered to participating government informants.[3]   Mitchell requests in request No. 11 that the government be ordered to disclose any information or evidence gained by electronic surveillance, including wiretaps, videotapes, and tape recorded conversations, or the like, concerning Mitchell, any alleged coconspirators or codefendants, and/or any witness.   In request No. 12, Mitchell requests that the government be ordered to disclose a copy of his prior criminal record, including the disposition of the cases.

To the extent that Mitchell requests discovery that the government is required to disclose under Rules 16(a)(1)(A)-(D), 12(b)(4), and 26.2, *Brady v. Maryland*, 373 U.S. 83 (1963), and its progeny, *Giglio v. United States*, 405 U.S. 150 (1972), and its progeny, and/or the Jencks Act, 18 U.S.C. § 3500, the motion is granted.   To the extent his requests exceed what is required by these authorities, the motion is denied.   The government need not produce any discoverable statements covered by the Jencks Act or Rule 26.2 until the deadline specified *infra* at § II.

B

*Impeachment Evidence*

Mitchell requests in request No. 4 that the government be ordered to disclose any evidence that may be used to impeach any government witness, including any evidence that may be used to substantially impeach the credibility of any key government witness and any

---

[3]*See infra* at § I(D) for discussion of disclosure of any informant's identity.

government witness' prior criminal record or other prior material acts of misconduct.  In request No. 5, Mitchell requests pursuant to Fed. R. Evid. 613 that the government be ordered to disclose all information that it has regarding inconsistent statements of any government witness.  In request No. 6, Mitchell requests pursuant to Fed. R. Evid. 607 and 608 that the government be ordered to disclose any information regarding the untruthfulness of any government witness that it may call at trial.  He requests in request No. 7 that the government be ordered to disclose any information known to the government, or that may become known by searching its files and the files of other government agencies, regarding the use of narcotics by any government witness at the time of events or at the trial, and any psychiatric examinations administered to any informant witness.[4]

To the extent Mitchell requests discovery that the government is required to disclose under Rules 12(b)(4), 16, and 26.2, *Brady*, *Giglio*, and/or the Jencks Act, the motion is granted.  To the extent his requests exceed what is required by these authorities, the motion is denied.

## C

### *Government Investigation Notes*

In request No. 8, Mitchell requests that the government be ordered to disclose any notes, tapes, and/or memoranda made by a government agent, including any person who may

---

[4]*See infra* at § I(D) for discussion of disclosure of any informant's identity.

have been acting as an informer, or in an investigative or undercover capacity.[5]  Mitchell also

requests that, if such notes, tapes, and/or memoranda were once in existence but have since

been destroyed, the government be ordered to disclose the purpose and exact information

surrounding their destruction, and if such items have not been destroyed, the government be

ordered to preserve such items.

To the extent Mitchell requests discovery that the government is required to disclose

under Rules 12(b)(4), 16, and 26.2, *Brady*, *Giglio*, and/or the Jencks Act, the motion is

granted.  To the extent his requests exceed what is required by these authorities, the motion

is denied.  The court grants Mitchell's request that the government be required to preserve

such notes, tapes, and/or memoranda, even if such materials are not disclosed to Mitchell.

D

*Government Communications to Mitchell*

In request No. 9, Mitchell requests that the government be ordered to disclose whether

any government agent, informer, or anyone else acting at the direction of the government has

communicated with him since the commencement of adversarial proceedings against him in

this case or any related state case.  Mitchell further requests that the government be ordered

to disclose the identification of any such individuals and details regarding the circumstances

of such communications, as well as any statements made by him or any government agent.

If the government has used an informant in investigating or prosecuting Mitchell, it

---

[5]*See infra* at § I(D) for discussion of disclosure of any informant's identity.

must notify the court *in camera* no later than June 20, 2016 at noon.  With respect to other individuals, to the extent Mitchell requests discovery that the government is required to disclose under Rules 12(b)(4), 16, and 26.2, *Brady*, *Giglio*, and/or the Jencks Act, the motion is granted.  To the extent his requests exceed what is required by these authorities, the motion is denied.  The government need not produce any discoverable statements covered by the Jencks Act or Rule 26.2 until the deadline specified *infra* at § II.

E

*Witness Statements*

In request No. 10, Mitchell requests that the government be ordered to disclose any witness statements at least 48 hours before the witness testifies at trial or at any sentencing hearing.[6]  Mitchell requests disclosure of any witness' prior testimony (such as grand jury testimony), prior written statements, and reports or notes, any reports of prior oral statements, and any prosecutor's notes concerning witness statements, that have been or may be adopted, approved, or verified by the witness.  Mitchell also requests that the government be ordered to produce any exculpatory witness statements, negative exculpatory witness statements, and evidence concerning narcotic habits or psychiatric treatment of any government witness.  Mitchell also seeks to discover the personnel files of any government witness that may contain evidence material to the preparation of a defense or contain *Brady* or *Giglio* material.  And he requests that the government be ordered to disclose the background, training, and

---

[6]Mitchell states that he plans to file a separate motion requesting the early production of Jencks Act material.

personnel files of the government witnesses who are employed at the Airport, including those employed by the Transportation Security Administration ("TSA") and Airport Police.

To the extent Mitchell requests discovery that the government is required to disclose under Rules 12(b)(4), 16, and 26.2, *Brady*, *Giglio*, and/or the Jencks Act, the motion is granted. To the extent his requests exceed what is required by these authorities, the motion is denied. The court denies Mitchell's request regarding the production deadline for witness statements. "18 U.S.C. § 3500(b) (which pertains to the government) and Rule 26.2(a) (which pertains to the government and to a defendant) do not authorize the court to compel a party to produce a witness statement any earlier than after a witness has testified on direct examination." *United States v. Khoury*, 2014 WL 6633065, at *5 (N.D. Tex. Nov. 24, 2014) (Fitzwater, J.). "In this district, however, it is the custom for Jencks Act-type materials, including statements under Rule 26.2(a), to be disclosed at the end of the business day preceding the date on which the defendant will begin his cross-examination of a witness." *Id.* Thus the government need not produce any discoverable statements covered by the Jencks Act or Rule 26.2 until the deadline specified *infra* at § II.

F

Brady *Material*

Mitchell requests in request No. 13 that the government be ordered to disclose any exculpatory and favorable evidence, as required by *Brady*, known to the government, or any other persons working with the government, or that may become known with due diligence. Mitchell lists 12 categories of evidence that he maintains would be exculpatory. He also

requests that the government's attorney examine his files and question the government's agents, informants, or other persons working with the government in this case concerning their knowledge of any such evidence or materials. Mitchell also requests that he be allowed to question the government's attorney and agents concerning their knowledge of exculpatory evidence and diligence in attempting to locate such evidence.

To the extent Mitchell requests discovery that the government is required to disclose under *Brady*, the motion is granted. To the extent his requests exceed what *Brady* requires, the motion is denied.

## G

### *Evidence of TSA Fine*

In request No. 14, Mitchell requests documentation of the fine and payment assessed by the TSA against him for this offense. Mitchell does not cite any legal basis for this request. Nevertheless, to the extent Mitchell requests discovery that the government is obligated to provide under Rules 12(b)(4) and 16, *Brady*, and/or *Giglio*, the motion is granted. Otherwise, the motion is denied as exceeding what these authorities require.

## II

Except to the extent that the Jencks Act and Rule 26.2(a) permit later disclosure, the government must comply no later than June 20, 2016 at noon with its disclosure and discovery obligations imposed by this memorandum opinion and order. Concerning material covered by the Jencks Act or Rule 26.2, in accordance with the custom in this district, the government must disclose such statements no later than the end of the business day that

precedes the date on which Mitchell will begin his cross-examination of a witness.

III

In its motion for discovery, the government maintains that it has complied with Mitchell's requests for disclosure under Rule 16(a)(1)(E), and it moves the court to order Mitchell to comply with Rules 16(b) and (c) and 26.2.  Mitchell has not responded to the motion.

To the extent the government has complied with Mitchell's request for disclosure under Rule 16(a)(1)(E), the court grants the motion; otherwise, the motion is denied.

**SO ORDERED**.

June 15, 2016.

SIDNEY A. FITZWATER
UNITED STATES DISTRICT JUDGE